UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL LAMAR BROWN,

Plaintiff,

v.

RICHARD C. DARWIN, et al.,

Defendants.

Case No. 18-cv-07149-JCS

**REPORT AND RECOMMENDATION RE REVIEW UNDER 28 U.S.C. § 1915**

United States District Court
Northern District of California

## I. INTRODUCTION

The Court granted Plaintiff's request to proceed in forma pauperis and therefore is required to review Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The undersigned has reviewed Plaintiff's complaint and finds that it is not sufficient to survive the Court's initial review. Plaintiff has declined the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). Therefore, this case shall be reassigned to a district judge with the recommendation that Plaintiff's complaint be dismissed without leave to amend.

## II. BACKGROUND

In his complaint, Plaintiff Michael Brown appears to challenge orders of the family court department of San Francisco Superior Court related to the terms of his visitation rights of his child. In particular, he alleges that the judge (Defendant Richard Darwin) and Defendant Ashley N. Merriouns, who is apparently the mother of the child, conspired to deprive him of his right to due process under 42 U.S.C. § 1983. The substantive allegations of his complaint are as follows:

> While acting as a judge Richard C. Darwin conspired with Ms. Ashley N. Merriouns giving her a frivolous restraining order, to force me (the affiant) into paid supervised visits. While acting as a judge I (the affiant) demanded due process by Richard C. Darwin, I was waved off and told "next time". I come back to court "next time", and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> Richard C. Darwin attempted to hand me a new contract the he [sic] (Richard C. Darwin) ruled on by himself. See attached.[1]
>
> . . .
>
> While attempting to use family court servi[c]e because Ms. Ashley N. Merriouns because she was being uncooper[a]tive not letting me see our son after simple separation. I (the affiant) was tricked into paid supervised visits by the judge working with Ms. Merriouns and her attorney. Making me (the affiant) do everything they would ask without jurisdiction. I'm not accused of being anything but a good parent, but still I (the affiant) was made to do almost 2 years paid supervised visits. I was also made to take drug test. I had to take the test the day Ms. Merriouns text me to or it's considered dirty. I gave the 18 test all clean at $85.00 a piece. I have also been denied due process. Everyone's just assuming I'm a bad person, but no one looking at my 4 year history of doing the right thing, while ignoring the harm being cause to my son Amir Lamar Brown, the I (the affiant) has not seen in over 2 years. Even though I've done every thing asked of me. . . .

Complaint at 4.

## III. ANALYSIS

### A. Legal Standard

Under 28 U.S.C. § 1915(e)(2)(B), where the Court has granted an application to proceed in forma pauperis, it must review the complaint  and dismiss it if it is (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. *See Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed. Further, a complaint is "frivolous" under § 1915 where there is no subject matter jurisdiction. *See Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the

---

[1]The Court notes that no "contract" or order by Judge Darwin is attached to Plaintiff's complaint. The only attachment is an affidavit by Brown that appears to have been filed in the family court. Brown's affidavit, like the complaint, alleges that Judge Darwin and Merriouns conspired to deprive him of his right to due process.  Among other things, he states that "Ashley N. Merriouns conspired with Judge Richard C. Darwin to force the affiant known as Michael L. Brown to do 'paid supervised' visits . . . and   to get a frivolous restraining order on the Affiant . . . ." Brown Affidavit, ¶¶ 2-3.

2

1   pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d

2   338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint

3   unless it is absolutely clear that the deficiencies in the complaint could not be cured by

4   amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds*

5   *by statute*, *as recognized in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).

6   **B.      Discussion**

7   The essence of Brown's complaint is that the rulings of the judge in San Francisco

8   Superior Court regarding his visitation rights violate his constitutional rights and that his ex-wife

9   "conspired" with the judge to obtain that result. The Court concludes that his complaint is barred

10  under the *Rooker–Feldman* doctrine. The *Rooker-Feldman* doctrine provides that federal courts

11  do not have subject matter jurisdiction over "cases brought by state-court losers complaining of

12  injuries caused by state-court judgments rendered before the district court proceedings

13  commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*

14  *Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Even where the complaint does not

15  "directly contest the merits of a state court decision" the *Rooker-Feldman* doctrine "prohibits a

16  federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal

17  from a state court judgment." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008).

18  In other words, "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by

19  a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman*

20  bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th

21  Cir. 2003); *see also Doe v. Mann*, 415 F.3d 1038, 1043 (9th Cir. 2005) ("[A] federal district court

22  dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state

23  court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide

24  any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state

25  court in its judicial decision.").

26  As the only injuries alleged in the complaint relate to the state court's decisions – namely,

27  the restraining order and terms of Brown's visitation of his son – the undersigned concludes that

28  the complaint is barred in its entirety under the *Rooker-Feldman* doctrine and therefore that this

3

1  Court does not have subject matter jurisdiction over Plaintiff's claims.  Further, the undersigned

2  concludes that amendment would be futile and therefore, that the Court should dismiss the

3  complaint without leave to amend.

4  **IV.      CONCLUSION**

5        Because the Court lacks subject matter jurisdiction over this action, it is recommended that

6  it be dismissed without prejudice.  Plaintiff may file an objection to this recommendation within

7  14 days after being served with a copy of this Report and Recommendation.  See Fed. R. Civ. P.

8  72.

9  Dated:  January 18, 2019

10

11  _____

12  JOSEPH C. SPERO
    Chief Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4